■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY L. JOHNSON, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County (Rosenblatt, J.), rendered April 29, 1981, convicting him of burglary in the second degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ Defendant was convicted, *inter alia,* of sexual abuse in the first degree. A person is guilty of sexual abuse in the first degree (Penal Law, § 130.65, subd 3) when he subjects

another person under the age of 11 to sexual contact, which is "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party" (Penal Law, § 130.00, subd 3). ¶ In the instant case, it is alleged that defendant subjected the victim to "sexual contact" by touching his penis to her leg or thigh. Defendant argues that such contact does not amount to "sexual contact" as the term "touching" applies only to those instances where there is manual handling of intimate parts: The People assert that the word "touch" does not require hand contact. ¶ The Fourth Department has found that the word "touching" as used in subdivision 3 of section 130.00 of the Penal Law implies the use of one's hands either to fondle or manipulate (*People v Vicaretti*, 54 AD2d 236, 248). We disagree with this conclusion. Funk & Wagnall's New College Standard Dictionary defines the word touch as "[t]o be in or come into contact with, especially with the hand or some part of the body". In our opinion, sexual contact does not require touching with hands. Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.