■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE WILLIAMS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered December 13, 1982, convicting him of burglary in the second degree (two counts), petit larceny and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Review of the record establishes that defense counsel's performance amply met the standards of competence mandated by the Federal and State Constitutions (*Strickland v Washington,* 466 US __, 104 S. Ct 2052; *People v Baldi,* 54 NY2d 137; *People v Jackson,* 74 AD2d 585, *affd* 52 NY2d 1027). Moreover, the trial court's refusal to permit a witness to be recalled for further cross-examination was a proper exercise of discretion (*People v Fiore,* 12 NY2d 188, 201; *cf. People v Olsen,* 34 NY2d 349, 352). The People had already rested, the request was made near the close of the defendant's case, and the nature of the testimony would have been cumulative. Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.

(February 19, 1985)

■ DANTE ALBERI, Appellant, v JOHN ROSSI, Respondent. — In an action to recover legal fees for services rendered, plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Stolarik, J.), dated December 6, 1983, as granted the branch of defendant's motion which, pursuant to CPLR 3024 (b), was to strike a portion of paragraph seventh of the complaint as scandalous, and directed service of an amended complaint.

Appeal dismissed, without costs or disbursements.

An order striking scandalous or prejudicial matter from a pleading is not appealable as of right (CPLR 5701 [b] [3]). Permission to appeal has not been sought and we are not inclined to grant it *sua sponte.* Accordingly, dismissal is required (*Tudor v Riposanu,* 93 AD2d 718). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.