■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. KITTLES, Appellant

Around 1:00 P.M. on January 8, 1982, a man armed with a gun entered an ice cream store, robbed the two women working in the store, and raped one of them at gunpoint. Both women identified the defendant as their assailant in separate lineups on January 13, 1982, and again at trial. The defendant's cousin testified that the defendant was home with her on January 8 watching soap operas from 12:40 to 2:00 P.M. Although she testified that she told this to the defendant's uncle and mother on January 14, after reading about his arrest in the newspaper, she did not give this information to any law enforcement officials until about a week before the trial.

The defendant contends that the prosecutor's cross-examination of the alibi witness concerning her failure to come forward earlier was improper because it implied that she had a duty to report this information to law enforcement personnel. As no objection was raised to these questions at trial, the issue is not preserved for appellate review. In any event, the failure of an alibi witness to come forward earlier is relevant to credibility and such questioning is permissible provided the proper foundation is laid, as it was here *(see, People v Dawson,* 50 NY2d 311).

We find the defendant's remaining contentions to be either unpreserved or without merit. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.