■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGINIA MERCADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered December 11, 1985, convicting her of grand larceny in the second degree, grand larceny in the third degree (six counts), and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove her guilt. The crucial question is whether the circumstantial evidence presented to the jury established the defendant's identity as the perpetrator. Viewing the evidence in the light most favorable to the prosecution, we conclude that the evidence adduced at the trial is legally sufficient to support the verdict (see, People v Ford, 66 NY2d 428; People v Malizia, 62 NY2d 755, cert denied 469 US 932). Further, where, as here, the jury was faced with conflicting evidence, its acceptance of some and rejection of other evidence was entirely proper, whether or not the evidence was direct or circumstantial (see, People v Ford, supra, at 437; People v Kennedy, 47 NY2d 196, 201, rearg dismissed 48 NY2d 656). Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also contends that the trial court improperly denied her application to recall two prosecution witnesses. However, since the evidence allegedly sought to be introduced related to a collateral matter, i.e., solely to credibility, the denial of the application did not constitute an abuse of discretion (see, People v Pavao, 59 NY2d 282, 288-289; People v Duncan, 46 NY2d 74, 80, cert denied 442 US 910, rearg dismissed 56 NY2d 646).

We have examined the defendant's remaining contentions and conclude that they are without merit. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.