■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered June 1, 1987, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor improperly cross-examined his alibi witness with regard to the witness's silence during the four years between the incident and the trial (see, People v Dawson, 50 NY2d 311). The defendant complains that the trial court erred by failing to sua sponte call for a bench conference to ascertain the basis for the alibi witness's failure to go to the police and that he was prejudiced by the cross-examination and the prosecutor's comments on that testimony during summation. We find that no error was committed.

There was no objection to the prosecutor's cross-examination of the defendant's alibi witness as to his failure to relate his exculpatory evidence to the police or to the District Attorney's office, nor was any objection made to the related comment in the prosecutor's summation. Consequently, these

asserted errors are unpreserved for appellate review *(see, People v Williams,* 70 NY2d 946; *People v Kittles,* 124 AD2d 826).* The defendant also did not request curative instructions on the subject and, therefore, cannot complain that the court failed to give one *(see, People v Payne,* 50 NY2d 867).

In any event, the record reveals that the prosecutor laid a proper foundation and was, therefore, entitled to cross-examine the witness on his failure to come forward before trial with exculpatory evidence *(see, People v Dawson, supra,* at 321). Mollen, P. J., Brown, Lawrence and Spatt, JJ., concur.