■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALSTON RAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered August 5, 1987, convicting him of robbery in the third degree, criminal possession of stolen property in the fourth degree (two counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon appeal, the defendant contends, *inter alia,* that he was denied his due process right to a fair trial due to the admission of testimony by a police officer which impermissibly bolstered the complainant's identification of the defendant *(see, People v Trowbridge,* 305 NY 471). A review of the record reveals that the defendant failed to lodge any objection to the admission of the allegedly improper bolstering testimony. Accordingly, any error of law with respect thereto is unpreserved for appellate review *(see,* CPL 470.05 [2]).

The defendant also attributes prejudicial error to certain of the prosecutor's summation remarks. In two instances, pursuant to objections by the defense counsel, the court made comments which effectively negated any possible prejudice to the defendant. The defense took no further action in response thereto; counsel did not request curative instructions or move for a mistrial based upon the prosecutor's remarks. Thus, likewise, no error of law with respect thereto has been preserved for appellate review (see, People v Medina, 53 NY2d 951, 953). On another occasion, the defense counsel failed to make any objection at all to an allegedly improper comment of the prosecutor and hence any issue of law with respect to this claimed error is unpreserved as well (see, CPL 470.05 [2]).

The court declines to exercise its discretion to review the merits of these alleged errors in the interest of justice.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.