■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant.—

The defendant argues on appeal that the record fails to establish that the trial court undertook the requisite inquiry necessary to support its determination that his decision to proceed *pro se* was a competent, intelligent and voluntary relinquishment of his right to be represented by counsel at trial *(see, People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178). However, upon our review of the record we find that defendant's choice to proceed *pro se* was clearly a competent, intelligent and voluntary decision *(see, People v Whitted,* 113 AD2d 454). Of particular significance in this regard was the court's awareness that the defendant had previously represented himself at his first trial on this proceeding which resulted in a hung jury. The inquiry undertaken by the court revealed further that the defendant was 32 years of age, had finished one year of college, and had previously represented himself in a criminal proceeding in Massachusetts. The record also makes clear that the defendant was free to consult with his legal advisor throughout the trial and that he did, in fact, rely upon the legal advisor to represent him in those instances where a legal background was necessary; namely the *Sandoval* hearing, the defense summation, and a postcharge conference *(see, People v Miley,* 154 AD2d 559). Finally, the jury's acquittal of the defendant on the higher counts of the indictment further demonstrates that the defendant was competent to proceed *pro se.*

The defendant's additional contention that he did not validly waive his purported constitutional right to be present at a postcharge conference is also without merit. The defendant's waiver of his right to be present at the conference was knowingly, intelligently and voluntarily made *(see, People v Parker,* 57 NY2d 136).

Furthermore, the court did not improvidently exercise its discretion in refusing to allow the defendant to recall the complaining witness. The record reveals that the proffered testimony was collateral and cumulative in nature *(see, People v Mercado,* 134 AD2d 292; *People v Williams,* 108 AD2d 833).

Finally, the defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Mollen, P. J., Brown, Kooper and Miller, JJ., concur.