■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

GEORGE WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J., at *Wade/Mapp* hearing, jury trial and sentence), rendered February 8, 1989, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him as a second felony offender to 6 to 12 years imprisonment, unanimously affirmed.

Defendant's conviction arises out of his arrest for selling a vial of crack cocaine to an undercover police officer participating in a New York County street level buy and bust operation.

We find no merit in defendant's argument that the undercover officer's confirmatory identification of defendant was unduly suggestive and that, therefore, the identification testimony and physical evidence were erroneously admitted. The arresting officer testified at the pretrial *Wade/Mapp* hearing that immediately following the face-to-face transaction, the undercover officer radioed a detailed description of the seller to the back-up team. Defendant, fitting the radioed description, was apprehended at the scene of the sale and detained along with suspects in another, unrelated buy and bust transaction. Within minutes, the undercover officer made a "drive by" confirmatory identification of defendant as the seller, and defendant was arrested. A search incident to this lawful arrest revealed that defendant had the prerecorded buy money in his pocket. Contrary to defendant's argument, in these circumstances the testimony of the undercover officer was not necessary in addition to the testimony of the arresting officer. The People fulfilled their initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in the identification procedure, and defendant has made no showing otherwise. Thus, the trial court appropriately denied the requested suppression *(see, e.g., People v Chipp,* 75 NY2d 327).

Also without merit are defendant's arguments that the trial court gave an unbalanced interested witness charge and placed undue emphasis on explanation of reasonable doubt to the jury. Initially, as no objection was made to any portion of the jury charge, the issues are not preserved for appellate review (CPL 470.05 [2]). In any event, each of the jury charges in issue, taken as a whole, adequately conveyed the appropriate standards *(see, e.g., People v Thomas,* 50 NY2d 467).

We reject defendant's claim of ineffective assistance of counsel on the ground that trial counsel elicited the fact that a prior felony conviction of defendant involved the sale of only one vial of crack cocaine (as in the instant case). Defense counsel vigorously pursued a defense of police harassment of

defendant, which exploited, *inter alia,* a prior resisting arrest conviction although defendant had "done nothing wrong." Throughout trial and summation, defense counsel portrayed defendant as a hapless crack addict, arrested to somehow advance the careers of undercover narcotics officers. In these circumstances, and in view of defense counsel's vigorous advocacy in the face of overwhelming evidence of defendant's guilt, there is no indication whatsoever in the record that defense counsel's representation did not comport with accepted standards for effective assistance of counsel. Failed defense strategy is not an indication of ineffective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *see also, Strickland v Washington,* 466 US 668).

Defendant's claim of improper summation comments by the prosecutor is unsupported by the record. The prosecutor's summation constituted fair comment on the evidence, including defendant's own references to the "crack man" at the scene *(see, People v Fielding,* 158 NY 542), and the characterization of defendant's testimony as a "story" was both within the bounds of rhetorical comment *(see, e.g., People v Rivera,* 158 AD2d 344) and an appropriate response to the defense summation attacking the credibility of all of the People's witnesses *(see, e.g., People v Marks,* 6 NY2d 67).

We perceive no abuse of discretion by the trial court in imposing the sentence herein after duly considering all available sentencing data and noting defendant's obvious failure to benefit from a previous sentence of probation on a similar charge *(see, e.g., People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur—Murphy, P. J., Carro, Ellerin and Asch, JJ.