■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOSE AVILES, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered February 5, 1990, convicting defendant after jury trial of robbery in the first degree and sentencing him to a term of imprisonment of 4 to 12 years, unanimously affirmed.

There is no merit to defendant's claims of insufficiency of evidence and verdict against the weight of the evidence, despite the complainant's lack of ability to recall certain minor details in connection with the robbery and despite minor discrepancies within the testimony of the People's witnesses. Initially, it is noted that issues of credibility are best determined by the trier of fact, who has the advantage of observation of the demeanor of any given witness during testimony, and where its determination (as here) is amply supported by the record, it will not be disturbed (see, e.g., *People v Rivera*, 121 AD2d 166, *affd* 68 NY2d 786). In this connection, the record reveals essentially uncontradicted testimony by the complainant that he was robbed on a Bronx street at knifepoint by defendant, whom he recognized as a neighborhood panhandler, and another unknown and unapprehended person. The complainant's testimony was substantially corroborated by police testimony that the victim immediately reported the robbery and that defendant was apprehended in the area of the crime, without any money but with a knife of the type reportedly used in the robbery, within 2 hours thereof.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt was amply supported by the evidence, given appropriate weight (*People v Bleakley*, 69 NY2d 490).

Likewise without merit is defendant's claim of prosecutorial misconduct in summation. As the defense summation vigorously and graphically sought to bring into question the reliability of the People's witnesses, the prosecutor's summation comments on credibility constituted appropriate response (see, *People v Marks*, 6 NY2d 67, *cert denied* 362 US 912). Otherwise, the prosecutor's summation constituted fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument (see, *People v Galloway*, 54 NY2d 396).

Finally, there is no evidence that the trial court abused its discretion in denying defense counsel's request for a specific additional instruction on the fact that no money was recov-

ered from defendant upon arrest, as the Court's full charge to the jury which included, *inter alia,* instructions as to credibility, reasonable doubt, and the specific elements of robbery in the first degree, gave adequate and balanced instruction to the jury *(see, People v Bell,* 38 NY2d 116). Concur—Sullivan, J. P., Wallach, Kupferman, Ross and Asch, JJ.