■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL HOLDER, Appellant. [610 NYS2d 541] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered January 21, 1993, convicting him of attempted rape in the first degree and sexual abuse in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove his guilt of the crimes charged by legally sufficient evidence is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of attempted rape in the first degree *(see, People v Troy,* 119 AD2d 880) and all three counts of sexual abuse in the first degree *(see, People v Wali,* 161 AD2d 742; *People v Johnson,* 102 AD2d 895, 896; *People v Crandall,* 53 AD2d 956, *affd* 45 NY2d 851). Also without merit is the defendant's contention that certain inconsistencies between the complainant's trial testimony and, *inter alia,* the written statements

she had completed upon reporting the purported incidents two months after they had allegedly occurred rendered her testimony incredible. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Furthermore, the defendant's contention that the prosecutor's cross-examination of two alibi witnesses concerning their failure to come forward prior to the trial was improper is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Martinez,* 153 AD2d 957; *People v Kittles,* 124 AD2d 826). In any event, the failure of an alibi witness to come forward earlier with exculpatory information is relevant to the issue of credibility, and such questioning is permissible provided that a foundation is laid, as the prosecutor did in this case *(see, People v Dawson,* 50 NY2d 311, 321, n 4; *People v Martinez, supra; People v Kittles, supra).*

The defendant's contention that reversible error took place due to certain of the prosecutor's comments and remarks during her summation is entirely unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Galloway,* 54 NY2d 396). In any event, most of the comments or remarks in question amounted to either fair comment on the evidence adduced at trial *(see, People v Ashwal,* 39 NY2d 105, 109) or fair response to the tenor of the defense counsel's summation *(see, People v Galloway, supra).* Moreover, any comment that arguably denigrated the defense counsel was isolated to the extent that it did not deprive the defendant of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.