■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CHEATHAM, Appellant. [613 NYS2d 915] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered November 28, 1989, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The issue of the legal sufficiency of the evidence is not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt. The jury had ample evidence on which to conclude that the defendant broke into the basement apartment of a home, stole a videocassette recorder and a black hat, and then killed the woman who lived there. At trial, the prosecutor presented three witnesses who testified that they had been with the defendant, who was covered with blood and whose clothing had been ripped, following the incident. The defendant told them that he had broken into a home where he had thought the occupants were out of town; however, a woman in the basement apartment had startled him, and he had "stab[bed] the bitch" several times.

Although the defendant contends that the testimony of the witnesses who identified him at trial was inconsistent and unworthy of belief, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (CPL 470.15 [5]).

The defendant contends that the prosecutor's summation was improper and that it denied him a fair trial. However, the challenged remarks were fair responses to defense counsel's summation, during which he challenged the credibility of the witnesses *(see, People v Aviles,* 176 AD2d 584; *People v Williams,* 174 AD2d 494).

Contrary to the defendant's contention, the record reveals that the prosecutor was entitled to cross-examine a witness about his failure to come forward, before the trial, with exculpatory evidence *(see, People v Dawson,* 50 NY2d 311, 321). The failure of an alibi witness to come forward with exculpatory information is relevant to credibility, and the prosecutor may question the witness with regard thereto provided that a proper foundation has been laid. The prosecutor in this case laid a proper foundation *(see, People v Dawson, supra,* at 321, n 4; *People v Martinez,* 153 AD2d 957; *People v Kittles,* 124 AD2d 826).

We have considered the defendant's remaining contentions and find that they are without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.