◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND KELLY, Appellant. [618 NYS2d 821] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered July 8, 1992, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Before a defense witness may be cross-examined regarding his or her failure to provide law enforcement authorities with exculpatory information attested to at trial, certain foundational requirements must be met *(see, People v Dawson,* 50 NY2d 311, 321, n 4). Here, the prosecutor clearly complied with the well-settled foundational dictates set forth by the Court of Appeals in *People v Dawson (supra)*, prior to cross-examining the defense witness. Moreover, the court's instructions were adequate to inform the jury that the defense witness had no obligation to volunteer exculpatory information to law enforcement authorities *(see, People v Dawson, supra)*.

Further, the defendant's failure to request a bench confer-

ence relieved the trial court of any such obligation under *People v Dawson (supra) (see, People v Koleskor,* 131 AD2d 879).

Additionally, the defendant asserts that the prosecutor improperly commented on the defense witness's prior silence during summation. The defendant's allegation is unpreserved for appellate review, because the defendant failed to make any objection at trial to the summation comments he now claims were improper *(see, People v Dawson,* 50 NY2d 311, 324, *supra,* citing *People v Williams,* 46 NY2d 1070; *see also, People v Ray,* 155 AD2d 625, 626). In any event, the prosecutor's comments were proper comments on the credibility of the defense witness and were fair responses to the defense counsel's summation *(see, People v Ashwal,* 39 NY2d 105; *see also, People v Cheatham,* 205 AD2d 794, citing *People v Aviles,* 176 AD2d 584; *People v Williams,* 174 AD2d 494).

The trial court correctly found that the information provided to the arresting officer was sufficient to establish probable cause for a warrantless arrest. At the suppression hearing, there is no requirement for the People to produce the officer who observed the illegal activity in order to establish probable cause, if, as here, both requirements of the *Aguilar-Spinelli* test, i.e., the informant's reliability and basis of knowledge *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108), are satisfied *(see, People v Parris,* 83 NY2d 342, 348).

The defendant's assertion that the sentence was excessive is without merit *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.