■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERVIN MACKLIN, Appellant. [667 NYS2d 931] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered January 3, 1996, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The trial court did not improvidently exercise its discretion in denying the defendant's request to recall the complainant solely to elicit testimony with respect to a collateral matter relevant to the complainant's credibility (*see, People v Johnson,* 158 AD2d 621; *People v Mercado,* 134 AD2d 292).

The prosecutor's summation contained improper comments. However, many of those comments were the subject of corrective action by the trial court. Under the circumstances, the prosecutor's comments did not deprive the defendant of a fair trial (*see, People v Galloway,* 54 NY2d 396).

The defendant received meaningful representation by counsel (*see, People v Ellis,* 81 NY2d 854; *People v Rivera,* 71 NY2d 705).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Joy, J. P., Krausman, Goldstein and Luciano, JJ., concur.