■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FREEMAN, Appellant. [700 NYS2d 754] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered January 23, 1996, convicting him of kidnapping in the second degree, sodomy in the first degree (four counts), sodomy in the second degree (four counts), sexual

abuse in the first degree (two counts), criminal impersonation in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of sodomy in the first degree under the fifth count of the indictment and sodomy in the second degree under the ninth count of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the conviction of kidnapping in the second degree merged with the convictions of sodomy in the first degree and sexual abuse in the first degree (see, CPL 470.05 [2]). In any event, the abduction and the subsequent sexual crimes were sufficiently discrete that the merger doctrine does not apply (see, People v Gonzalez, 80 NY2d 146).

The defendant's convictions under the fifth and ninth counts of the indictment must be vacated and those counts of the indictment dismissed. The only evidence of the defendant's guilt on those counts was his uncorroborated confession. Therefore, the evidence was legally insufficient to support his convictions of those crimes as a matter of law (see, CPL 60.50).

The sentences imposed on the remaining convictions were not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.