■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN HOUSE, Appellant. [717 NYS2d 273] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered July 20, 1998, convicting him of attempted murder in the second degree, assault in the first degree (two counts), menacing in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the trial court committed reversible error in denying his request to charge assault in the third degree as a lesser-included offense of assault in the first degree. We disagree. The Court of Appeals has established a two-prong analysis to determine whether a defendant is entitled to a lesser-included offense charge (*see, People v Glover,* 57 NY2d 61). "First, defendant must establish that it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct. Secondly, there must be a reasonable view of the evidence to support a finding that

the defendant committed the lesser offense but not the greater" (*People v Van Norstrand,* 85 NY2d 131, 135). Since it is impossible to commit assault in the first degree without simultaneously committing assault in the third degree, the first prong of the *Glover* test is satisfied (*see, People v Van Norstrand, supra,* at 136). However, as to the second prong, there is no reasonable view of the evidence that could support a jury finding that the defendant committed the lesser offense of assault in the third degree but not the greater offense of assault in the first degree. The defendant stabbed the victim in the chest with a knife. The medical proof established that the stab wound to the victim's chest was potentially lethal, and the victim has a scar. Thus, the evidence demonstrated that the knife was readily capable of causing death or other serious physical injury, and the trial court did not err in failing to charge the lesser-included offense.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Santucci, J. P., Sullivan, Altman and Krausman, JJ., concur.