◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD STOKES, Appellant. [722 NYS2d 753] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 26, 1999, convicting him of kidnapping in the second degree, sexual abuse in the first degree (two counts), and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court committed reversible error by allowing the prosecutor to cross-examine a defense witness about his failure to go to the police or the District Attorney with exculpatory information. We disagree. It is well settled that the failure of a defense witness to come forward and present to law enforcement officials information tending to exculpate the defendant is relevant to the issue of that witness's credibility at trial (*see, People v Cheatham,* 205 AD2d 794, 795; *People v Kittles,* 124 AD2d 826). The People must lay a proper foundation for the cross-examination of such a witness about his or her failure to come forward prior to trial by showing that the witness was aware of the nature of the charges pending against the defendant, had reason to recognize that he or she possessed exculpatory information, had a reasonable motive for acting to exonerate the defendant, and was familiar with the means for providing information to law enforcement authorities (*see, People v Dawson,* 50 NY2d 311, 321 n 4; *accord, People v Miller,* 89 NY2d 1077, 1079). In addition, the prosecutor must demonstrate that the witness's silence was not the product of the defense counsel's advice to keep silent (*see, People v Dawson, supra,* at 323). In the instant case, in light of the testimony at the *Dawson* hearing, the trial court appropriately ruled that the prosecutor "has made out the predicate for the foundation," and permitted the prosecutor to question the defense witness regarding his failure to report the exculpatory information.

The defendant argues that comments made by the prosecutor in her summation constituted reversible error. The defendant, however, failed to preserve his objection to many of the

alleged errors in the prosecutor's summation that he now challenges on appeal. In any event, the comments were either responsive to arguments made by the defense counsel in his summation, or constituted fair comment on or reasonable inferences drawn from the evidence.

The defendant's contention that his conviction of kidnapping in the second degree merged with the charges of sexual abuse is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Freeman,* 267 AD2d 470; *People v Salimi,* 159 AD2d 658; *People v Wilsey,* 99 AD2d 877). In any event, the contention is without merit, as the actions that comprised the sexual abuse were clearly distinct and separable from those of the kidnapping (*see, People v Gonzalez,* 80 NY2d 146; *People v Smith,* 47 NY2d 83; *People v Sceravino,* 193 AD2d 824). Krausman, J. P., Friedmann, Feuerstein and Smith, JJ., concur.