■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE SLAUGHTER, Appellant. [805 NYS2d 615]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered May 25, 2004, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his absence from the *Ventimiglia* hearing (*see People v Ventimiglia,* 52 NY2d 350 [1981]) does not warrant reversal. The People sought to introduce evidence that the complaining witness had seen the defendant selling drugs on many occasions. The Supreme Court ruled that the witness could not testify that he had observed the defendant selling drugs, but that he could testify he had seen the defendant hundreds of times outside his window, that the defendant had been making noise with a group of friends, and that the witness had asked him to move on.

The first part of the ruling was decided wholly in the defendant's favor (*see People v Favor,* 82 NY2d 254, 268 [1993]) and thus, the defendant's presence would not have contributed to the advancing of his case (*see People v Dokes,* 79 NY2d 656, 660 [1992]; *People v Tellier,* 232 AD2d 509 [1996]; *People v Baum,* 222 AD2d 444 [1995]). The second part of the ruling involved a purely legal question of whether the witness' prior observations of the defendant could be admitted on the issue of

identity (*see People v Dokes, supra* at 660). Further, contrary to the defendant's contention, his conduct in making noise did not rise to the level of disorderly conduct (*see* Penal Law § 240.20 [2]; *People v Bakolas*, 59 NY2d 51, 55 [1983]; *People v Munafo*, 50 NY2d 326, 331 [1980]) or otherwise constitute a bad act. Since the prospective use of prior bad acts of the defendant was not at issue during that portion of the hearing, the defendant's presence was not required (*cf. People v Spotford*, 85 NY2d 593, 597 [1995]). Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.