■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX WILLIAMS, Appellant. [806 NYS2d 610]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blackburne, J.), rendered September 15, 2003, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the complainant did not sustain a "physical injury" within the meaning of Penal Law § 10.00 (9) was not raised with specificity at trial and, accordingly, is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Bailey,* 19 AD3d 431 [2005]; *People v Adams,* 281 AD2d 486, 487 [2001]).

In any event, viewing the evidence in the light most favorable

to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the complainant sustained a "physical injury" within the meaning of Penal Law § 10.00 (9) (*see Matter of Philip A.,* 49 NY2d 198, 200 [1980]; *People v Contes,* 60 NY2d 620, 621 [1983]). "Physical injury" means an impairment of physical condition or substantial pain (*see* Penal Law § 10.00 [9]). The testimony of the complainant established that the defendant grabbed her by the neck, knocked her down, and dragged her along the ground. As a result of her struggle with the defendant, her legs were cut and scraped, requiring treatment by paramedics following the incident. Moreover, she testified that she was in "a lot" of pain, which lasted for about two or three months, making it difficult to walk and bend down, and she showed the jury scars on both legs that were still present 18 months after the robbery. The scars alone are impairment sufficient to constitute physical injury, and the duration of the pain is evidence of its severity and provides a basis for the inference that the pain was substantial (*see People v Rivera,* 183 AD2d 792, 793 [1992]; *People v Cartagena,* 276 AD2d 636, 637 [2000]).

The defendant's remaining contention is without merit. H. Miller, J.P., Santucci, Goldstein and Dillon, JJ., concur.