■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DHANIRAM RAMBALI, Appellant. [813 NYS2d 103]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered June 17, 2004, convicting him of kidnapping in the second degree, assault in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction of kidnapping in the second degree merged with rape and sodomy charges of which he was acquitted is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Stokes,* 282 AD2d 553, 554 [2001]; *People v Freeman,* 267 AD2d 470, 471 [1999]; *People v Salimi,* 159 AD2d 658, 658 [1990]). In any event, the contention is without merit (*see People v Gonzalez,* 80 NY2d 146 [1992]; *People v Stokes,* 282 AD2d 553, 554 [2001]).

Similarly, the defendant's contention that the complainant did not sustain a "physical injury" within the meaning of Penal Law § 10.00 (9) was not raised with specificity in the trial court and, accordingly, is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Williams,* 23 AD3d 589 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the complainant sustained a "physical injury" within the meaning of Penal Law § 10.00 (9) (*see People v Williams,* 23 AD3d 589 [2005]; *People v Williams,* 203 AD2d 608 [1994]; *People v Sloan,* 202 AD2d 525 [1994]; *People v Soto,* 184 AD2d 673, 674 [1992]). The evidence established that the defendant struck the complainant repeatedly with his fists, a knife, and a rope, that the complainant sustained numerous bruises, scratches, bite marks, and rope marks, and that a day or two after the incident, the bruises the defendant had inflicted upon the complainant "were very painful." Additionally, there were several witnesses who observed the injuries sustained by the complainant, including an acquaintance, two police officers, and a physician's assistant who examined her when she sought medical treatment shortly after the incident.

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the Supreme Court improperly considered charges of which he was acquitted as a basis for imposing sentence is unpreserved for appellate review (*see* CPL 470.05 [2]), and in any event, is without merit (*see People v Ponder,* 1 AD3d 616 [2003]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.