■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ANDRADE, Appellant. [897 NYS2d 98]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered September 19, 2005, convicting defendant, after a jury trial, of rape in the first degree and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 12¹/₂ years, unanimously affirmed.

Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant's main complaint is that his counsel failed to use notations in medical records to impeach or contradict certain testimony by the People's medical witness. However, we conclude that defendant was not prejudiced, because counsel's failure to utilize this evidence could not have affected the outcome of the case or deprived defendant of a fair trial.

The principal issue at trial was whether the sexual activity was forcible or consensual. The victim was examined in an emergency room by an internist who was trained as a sexual assault forensic examiner. In pertinent part, the internist testified that the victim had a large amount of blood in her genital area. While the internist never directly stated that the blood was the result of forcible rape, she expressed the opinion that it was not menstrual blood, and she explained her reasons for forming that opinion. However, two resident physicians made notations in the victim's record that the blood was menstrual.

Regardless of whether trial counsel should have made use of those notations, they would not have undermined the People's case or created a reasonable doubt as to defendant's use of force. The record reveals several reasons for accepting the internist's opinion notwithstanding these notations, including the likelihood that the other physicians mistakenly assumed the blood to be menstrual, and the fact that the internist had considerably more training and experience in examining alleged rape victims for forensic purposes.

In any event, the case did not turn on whether or not the blood was the product of injury caused by forcible rape, since

there was extensive evidence of force. In particular, the victim's facial injuries were not just proof of the assault charge, but also compelled the inference that the sexual conduct was forcible. In a lengthy summation, the prosecutor made only a brief reference to the vaginal bleeding as proof of force. Contrary to defendant's assertions, the circumstances under which the court accepted a partial verdict that left unresolved the charges of first-degree criminal sexual act shed little or no light on the jury's thinking.

We have considered and rejected defendant's remaining ineffective assistance claims.

The isolated portion of the prosecutor's summation that defendant challenges did not shift the burden of proof or deprive defendant of a fair trial. The remarks in question were permissible comment on the credibility of defendant's trial testimony, and were responsive to the defense summation, which argued that defendant's behavior immediately after the incident displayed his innocence (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]).

Defendant's pro se claims are unreviewable for lack of a sufficient record (*see People v Kinchen*, 60 NY2d 772 [1983]), and are without merit in any event. Concur—Mazzarelli, J.P., Sweeny, Nardelli, Acosta and Manzanet-Daniels, JJ.