■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK SMITH, Appellant. [936 NYS2d 135]—

The verdict was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of alleged inconsistencies in testimony. The court properly exercised its discretion in declining to permit defendant to recall the victim for further cross-examination. Defendant sought to recall the victim to lay a foundation for an allegedly inconsistent statement that the victim made to defendant's cousin shortly after the crime. Defense counsel could have elicited the alleged inconsistency on cross-examination, and bringing back the victim and then the cousin for additional testimony would have delayed the trial. The alleged inconsistency had very limited probative value, and it was cumulative to other impeachment material (see *People v Crawford*, 39 AD3d 426, 427 [2007], *lv denied* 9 NY3d 864 [2007]).

Accordingly, there was no violation of defendant's right to confront witnesses and present a defense (see *Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). In any event, any error in declining to permit defendant to recall the victim was harmless (see *People v Crimmins*, 36 NY2d 230 [1975]).

Defendant also claims his trial counsel rendered ineffective assistance by failing to lay a foundation for the alleged inconsistent statement. However, given the minimal impeachment value of the alleged inconsistency, defendant has not satisfied the prejudice prong of an ineffective assistance claim under either the state or federal standards (see *People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668, 694 [1984]). Concur—Saxe, J.P., Catterson, Moskowitz, Acosta and Renwick, JJ.