Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered July 7, 2009, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 45 years to life, unanimously affirmed.
The court properly denied defendant’s suppression motion. Defendant lacked standing to challenge the police recovery of a pistol from under a couch in defendant’s friend’s apartment, which the officers lawfully entered with a valid warrant for defendant’s arrest. The hearing evidence, including hearsay rendered admissible by CPL 710.60 (4), established that defendant was a mere visitor who had arrived on the morning of the search. Defendant’s occasional overnight stays at the apartment several years earlier were insufficient to establish that he had an expectation of privacy in the premises (see People v Ramirez-Portoreal, 88 NY2d 99, 108-109 [1996]; People v Ortiz, 83 NY2d 840, 842-843 [1994]).
Defendant’s claim of standing relies heavily on the fact that defendant’s parole officer had permitted defendant to stay temporarily at the friend’s apartment. However, this did not establish standing in the absence of evidence that defendant availed himself of that opportunity. In any event, before the day *503 of the search the parole officer had already informed defendant that he was no longer permitted to stay at his friend’s apartment, because the friend was a codefendant in defendant’s prior robbery case.
The record also supports the hearing court’s alternative finding that the pistol was recovered as the result of a lawful security sweep of the apartment made after executing the arrest warrant (see Maryland v Buie, 494 US 325 [1990]; People v Andino, 256 AD2d 153 [1998], lv denied 93 NY2d 922 [1999]). Under the circumstances, it was reasonable to move the couch to check if anyone was hiding behind or under it. We have considered and rejected defendant’s remaining arguments concerning the suppression hearing.
The challenged portions of the prosecutor’s summation were responsive to defense arguments, drew appropriate inferences from the evidence, and did not shift the burden of proof. To the extent there were any improprieties, they were not so egregious as to deprive defendant of a fair trial (see People v D’Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]).
The court properly imposed a consecutive term for defendant’s conviction of second-degree weapon possession under Penal Law § 265.03 (3) (possession outside home or place of business). We note that this crime has no intent element; accordingly, the issue of whether consecutive sentences require separate unlawful intents (see e.g. People v Wright, 87 AD3d 229 [2011], lv granted 2011 NY Slip Op 78815[U] [2011]) is not implicated here. The evidence clearly established that defendant was carrying the weapon at the time he encountered and shot the victim. Accordingly, the act of possession was complete before the shooting (see e.g. People v Mitchell, 34 AD3d 358 [2006], lv denied 8 NY3d 988 [2007]), and consecutive sentences were authorized by Penal Law § 70.25 (2). To the extent defendant is raising a constitutional claim regarding the procedure by which the court imposed consecutive sentences, that claim is without merit (see Oregon v Ice, 555 US 160 [2009]).
We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Catterson, Acosta, DeGrasse and Richter, JJ.