Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered October 14, 2010, convicting him of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, under the circumstances presented, the Supreme Court providently exercised its discretion and did not deprive him of due process and the right to present a defense by denying his request to recall a certain *886 witness for further cross-examination (see People v Smith, 90 AD3d 561, 561 [2011]; see also People v Macklin, 247 AD2d 408, 408 [1998]; People v Shapiro, 227 AD2d 506, 507 [1996]; People v Bunting, 134 AD2d 646, 648 [1987]; People v Mercado, 134 AD2d 292, 292 [1987]; cf. People v Rostick, 244 AD2d 768, 769 [1997]; People v Desire, 113 AD2d 952, 952 [1985]).
The defendant’s contention that the Supreme Court deprived him of due process and a fair trial by the admission of certain testimony related to his girlfriend is unpreserved for appellate review (see CPL 470.05 [2]; People v Price, 120 AD2d 690, 690 [1986]). In any event, the court providently exercised its discretion in denying the defendant’s belated motion for a mistrial based on the admission of such testimony (see People v Ortiz, 54 NY2d 288, 292 [1981]; People v Dollar, 79 AD3d 1062, 1062 [2010]).
The defendant’s contention that certain allegedly improper comments made by the prosecutor during his summation deprived the defendant of due process and a fair trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Osorio, 49 AD3d 562, 563-564 [2008]). In any event, for the most part, the challenged remarks were fair comment on the evidence, or remained within the broad bounds of rhetorical comment permissible in summations, and were responsive to the summation of defense counsel (see People v Dorgan, 42 AD3d 505, 505 [2007]; People v Barnes, 33 AD3d 811, 812 [2006]; People v McHarris, 297 AD2d 824, 825 [2002]; People v Sinclair, 231 AD2d 926, 926 [1996]; People v Clark, 222 AD2d 446, 447 [1995]; People v Vaughn, 209 AD2d 459, 460 [1994]; People v Holder, 203 AD2d 382, 383 [1994]; People v Thomas, 186 AD2d 602, 602-603 [1992]; People v Anderson, 154 AD2d 607, 607 [1989]). To the extent that some of the comments were improper, they were sufficiently addressed by the Supreme Court’s instructions to the jury (see People v Evans, 291 AD2d 569, 569 [2002]; People v Brown, 272 AD2d 338, 339 [2000]) and did not deprive the defendant of due process and a fair trial (see People v Almonte, 23 AD3d 392, 394 [2005]; People v Svanberg, 293 AD2d 555, 555 [2002]; People v Holder, 203 AD2d at 383).
Contrary to the defendant’s contention, the Supreme Court’s imposition of consecutive sentences with respect to the count of criminal possession of a weapon in the second degree under Penal Law § 265.03 (3) and the counts of murder and attempted murder in the second degree was not illegal (see People v Harris, 96 AD3d 502, 503 [2012], lv granted 19 NY3d 1026 [2012]; see generally People v Almodovar, 62 NY2d 126, 130 [1984]; cf. People v Wright, 19 NY3d 359 [2012]; People v Hamilton, 4 NY3d *887 654 [2005]; People v Hernandez, 46 AD3d 574, 576-577 [2007]). Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.