■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMAR BELL, Appellant. [26 NYS3d 88]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered February 25, 2014, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 12, 2011, at approximately 11:15 a.m., the defendant entered a cell phone and game store located in Yonkers and, following a dispute with a store employee over a recent cell phone purchase by the defendant's girlfriend, slashed the employee across the left side of his face with a knife. The incident was captured on the store's surveillance video. At trial, the defendant asserted the affirmative defense that he was not responsible by reason of mental disease or defect (*see* Penal Law § 40.15).

Contrary to the defendant's contention, under the circumstances presented, the trial court providently exercised its discretion and did not deprive him of the right to present a defense by denying his request to recall his own witness for further examination (*see People v Flowers*, 102 AD3d 885 [2013]). The proffered testimony was collateral and cumulative in nature (*see People v Johnson*, 158 AD2d 621 [1990]; *People v Mercado*, 134 AD2d 292 [1987]).

The trial court providently exercised its discretion in precluding a portion of the defendant's psychiatric evidence because of his failure to provide timely and adequate notice of his intent to do so (*see* CPL 250.10 [1] [a], [c]; [2]; *People v Almonor*, 93

NY2d 571 [1999]; *People v White*, 75 AD3d 109 [2010]). Further, the trial court properly refused to charge assault in the third degree, or reckless assault (Penal Law § 120.00 [2]), as a lesser-included offense of assault in the first degree (Penal Law § 120.10 [2]), since no reasonable view of the evidence would support a finding that the defendant consciously disregarded a known risk of physical injury (*see* Penal Law § 15.05 [3]), rather than possessed a conscious objective to disfigure the complainant seriously and permanently (*see People v Glover*, 57 NY2d 61 [1982]; *People v Beckford*, 49 AD3d 547 [2008]; *People v Funchess*, 284 AD2d 478 [2001]; *People v House*, 278 AD2d 244 [2000]; *People v Thompson*, 245 AD2d 321 [1997]).

Contrary to the defendant's contention, the store owner's testimony on direct examination that he and the defendant got into a verbal argument over the defendant's cell phone account two months prior to the incident did not constitute evidence of uncharged crimes or prior bad acts (*see People v Slaughter*, 23 AD3d 502 [2005]; *People v Jones*, 293 AD2d 489 [2002]). Even if it did constitute a bad act, the testimony served to complete the narrative of the events leading to the defendant's arrest (*see People v Alvino*, 71 NY2d 233, 241 [1987]; *People v Ortiz*, 239 AD2d 441 [1997]), as the witness further testified that, following the incident, he retrieved the defendant's name and address from a store receipt and gave it to the police. Moreover, the trial court's limiting instruction to the jury served to alleviate any prejudice resulting from the admission of the evidence (*see People v Holden*, 82 AD3d 1007 [2011]).

The defendant's contention that he was deprived of a fair trial by the prosecutor's misconduct during her opening statement, on the People's case-in-chief, on cross-examination, and on summation, is for the most part unpreserved for appellate review since defense counsel did not object to these remarks or questions (*see* CPL 470.05 [2]; *People v Davis*, 132 AD3d 891 [2015]), and failed to request curative instructions or move for a mistrial on the grounds now argued on appeal (*see People v Daley*, 50 AD3d 1051 [2008]). In any event, the defendant was not deprived of a fair trial by any of the alleged prosecutorial misconduct. To the extent any comments now challenged by the defendant were improper, any error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's conviction (*see People v Flanagan*, 132 AD3d 693 [2015]).

Finally, the defendant's contention that the trial court displayed actual bias in favor of the People in its rulings and in certain comments directed at defense counsel is unpreserved

for appellate review because the defendant failed to make a recusal motion (*see* CPL 470.05 [2]; *People v Prado*, 4 NY3d 725 [2004]; *People v Persaud*, 98 AD3d 527 [2012]). In any event, the record does not support the defendant's contention (*see People v Bodie*, 131 AD3d 481 [2015]; *People v Yi Qiu*, 129 AD3d 1111 [2015]). Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.