People v Vizcaino (2019 NY Slip Op 06702)





People v Vizcaino


2019 NY Slip Op 06702


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Acosta, P.J., Manzanet-Daniels, Mazzarelli, Webber, Moulton, JJ.


9908 4177/11

[*1]The People of the State of New York, Respondent,
v
Walde Vizcaino, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about May 3, 2018, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction, unanimously affirmed.
Upon our review of the record, which has now been expanded by way of information from trial counsel setting forth his strategic decision-making, to the best of his recollection, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that either of counsel's two alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Reopening of the suppression hearing based on the victim's trial testimony would have had no more than a remote chance of obtaining suppression of any evidence (see People v Gray, 27 NY3d 78, 82 [2016]; People v Jamison, 96 AD3d 571, 572 [1st Dept 2012], lv denied 19 NY3d 1026 [2012]), and the discrepancies in police testimony regarding the place and manner in which the victim's property was recovered had "minimal impeachment value" (People v Smith, 90 AD3d 561, 561 [1st Dept 2011], lv denied 18 NY3d 998 [2012]; see also People v Andrade, 71 AD3d 601, 602-03 [1st Dept 2010], lv denied 15 NY3d 918 [2010]). Accordingly, defendant has not established either the unreasonableness or prejudice prongs of a state or federal ineffectiveness claim with regard to the absence of a motion to reopen the suppression hearing or the lack of cross-examination as to the alleged discrepancies in police testimony.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK