■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DAVIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered August 4, 1986, convicting him of robbery in the first degree (two counts) and burglary in the first degree (three counts), upon a jury verdict, and imposing sentence. The

appeal brings up for review the denial, after a hearing (Winick, J.), of that branch of the defendant's omnibus motion which was to suppress a statement allegedly made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The statement made by the defendant to one of his codefendants during his detention, after his arrest, which was overheard by law enforcement officials, was not the result of custodial interrogation and, in fact, was spontaneously made (see, People v Bryant, 87 AD2d 873, affd 59 NY2d 786; see also, People v Rogers, 52 NY2d 527, cert denied 454 US 898). Thus, the hearing court did not err in refusing to suppress it.

The defendant's contention that his right to confrontation was violated by the introduction into evidence of his nontestifying codefendant's admission (see, Bruton v United States, 391 US 123), has not been preserved for appellate review (see, People v Russell, 71 NY2d 1016). In any event, the contention is without merit, as the codefendant's admission neither explicitly nor implicitly inculpated the defendant (see, People v Anderson, 153 AD2d 893; People v Quinones, 141 AD2d 569).

Viewing the evidence, which was not entirely circumstantial, in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant acted in concert with his codefendants to commit the crimes of which he was convicted.

We have considered the defendant's remaining contention and find that it does not warrant reversal. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.