■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD JACKSON, Appellant. [613 NYS2d 229] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered October 27, 1992, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts and as a matter of discretion in the interest of justice, and the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant's robbery conviction arises from an incident which occurred on September 10, 1991, at approximately 2:45 P.M., in Queens, New York. On that day, an individual approached the complainant in a ground-floor laundry room in the apartment building where she resided. He produced a knife and took a total of $40 from her. The complainant subsequently identified the defendant from a photograph and in a corporeal lineup as the individual who had robbed her.

On this appeal, the defendant contends, *inter alia,* that the evidence is legally insufficient to support his conviction. We disagree with this contention. Nevertheless, we reverse the judgment of conviction and dismiss the indictment for the reasons which follow.

There are significant discrepancies between the information contained in the police reports and the complainant's trial

testimony regarding both the description of the perpetrator and the manner in which the robbery occurred. At trial, the complainant testified that the perpetrator had "normal, medium black" skin, which is how she claimed to have described him to the police, and that there was something unusual about the shape of his nose which "just stuck in [her] head." She had no recollection of having told the police that the perpetrator had acne or pockmarks on his face, and she testified that she had described him as having a slight or lean build. The complaint report, however, indicates that the complainant described the perpetrator as having a "light brown" complexion and a pockmarked face. There is no notation in the space provided for a description of the perpetrator's nose, and there is no description of his build.

With regard to the robbery, the complainant testified that the perpetrator had approached her and, from a distance of approximately two feet, had asked her for her money. She took some quarters from one of her pockets and handed them to him. The perpetrator then asked her what she had in her other pocket, and she took approximately $30 out of her other pocket and gave it to him. According to the police reports, the complainant stated that the perpetrator had grabbed her, that he had put her against the machines or against the wall, that he had searched through her pockets, and that he had removed the money. These discrepancies reflect unfavorably on the complainant's capacity to observe and on her ability to relate an accurate description thereby calling into question the integrity of her identification of the defendant as the perpetrator of the robbery. Further, a reputable alibi witness with no motive to fabricate testified that the defendant had been at the Blain Community Center at the time of the robbery.

When viewed in a light most favorable to the People (see, People v Contes, 60 NY2d 620), the evidence is legally sufficient to support the defendant's conviction. However, based on the particular circumstances of this case, we conclude that the verdict of guilt is against the weight of the evidence (see, CPL 470.15 [5]; see also, People v Nickerson, 175 AD2d 74).

In light of our determination, we need not reach the defendant's other contentions. Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.