■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL CHASE, Appellant. [876 NYS2d 485]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered November 7, 2007, convicting him of robbery in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the County Court, Orange County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was convicted of robbery in the second degree and assault in the third degree in connection with an incident that occurred on July 26, 2006, at 7:30 A.M., in Middletown, New York. The jury found that the defendant exited a vehicle that pulled up next to three teenage boys who were walking to school, punched one of the boys, and chased after another of the boys, from whom he forcibly stole two dollars.

The defendant's argument that the evidence was legally insuf-

ficient to establish his identity is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484 [2008]; People v Folkes, 43 AD3d 956 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), it was legally sufficient to establish his identity as the person who committed the robbery and assault.

However, upon the exercise of our independent factual review power (see CPL 470.15 [5]), we find that the verdict of guilt was against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348 [2007]; see People v Bleakley, 69 NY2d 490 [1987]; People v Bornhoeft, 53 AD3d 666 [2008]). "Essentially, the court sits as a thirteenth juror and decides which facts were proven at trial" (People v Danielson, 9 NY3d at 348). Here, the evidence offered to establish the defendant's identity as the assailant was equivocal and unconvincing. Only one of the six eyewitnesses proffered by the People affirmatively made an in-court identification of the defendant as the assailant, and that witness qualified his identification by stating: "I am not 100% positive . . . but I am pretty sure." Moreover, the out-of-court photographic identifications did not prove the defendant's identity as the assailant beyond a reasonable doubt. Two witnesses were asked by the police to make an identification using a photographic array containing six photos: one witness did not recognize the assailant in any of the photos and the other witness selected two photos of people who "kind of" looked like the assailant. Although one of the two photos was an image of the defendant, the witness told the police that the assailant "might be" the person in the other photo that was not the defendant. Two other witnesses were asked by the police to identify the assailant using a Middletown High School yearbook: one witness identified the defendant as the assailant and the other witness (who was the only witness to later identify the defendant in court) did not recognize anyone. Detective Thomas Miller testified that the investigation focused on the defendant because the vehicle from which the assailant exited was traced to the defendant's address. The defendant admitted at trial that he was present in the vehicle while the crimes took place, but contended that his cousin, who is similar in appearance, was

the assailant. A photograph of the defendant's cousin was introduced into evidence. A second defense witness, whose physical description matched witness descriptions of a person at the scene of the crime, corroborated the defendant's testimony. Under these circumstances, we conclude that the verdict of guilt was against the weight of the credible evidence. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.