■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE REID, Appellant. [894 NYS2d 905]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered March 23, 2007, convicting him of robbery in the first degree (two counts) and robbery in the second degree (three counts), upon a jury verdict, and sentencing him, as a second violent felony offender, to determinate terms of imprisonment of 20 years on the conviction of robbery in the first degree under count one, 15 years on the conviction of robbery in the second degree under count two, and 15 years on the conviction of robbery in the second degree under count four, with these sentences to run concurrently with each other, and to determinate terms of imprisonment of 10 years on the conviction of robbery in the first degree under count six and 10 years on the conviction of robbery in the second degree under count seven, with these sentences to run concurrently with each other and consecutively to the sentences imposed on the first three counts.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed upon the conviction of robbery in the first degree (count one) from a determinate term of imprisonment of 20 years to a determinate term of imprisonment of 10 years, and reducing the terms of imprisonment imposed upon the convictions of robbery in the second degree (counts two and four) from determinate terms of imprisonment of 15 years to determinate terms of 10 years, with these sentences to run concurrently with each other and consecutively to the sentences imposed on counts six and seven; as so modified, the judgment is affirmed.

The defendant has not preserved for appellate review his contentions that the admission of his codefendant's statement violated his Sixth Amendment right to confrontation under *Crawford v Washington* (541 US 36 [2004]) and *Bruton v United*

*States* (391 US 123 [1968]), and we decline to review them in the exercise of our interest of justice jurisdiction (*see* CPL 470.15). With regard to the defendant's contention that his trial counsel was ineffective for failing to object to the admission of the statement, and thus preserve his claims for appellate review, the defendant's trial attorney's affirmative use of the statement may well have been in furtherance of trial strategy which would have been reasonable under the circumstances (*see People v Flores*, 84 NY2d 184 [1994]; *People v Baldi*, 54 NY2d 137 [1981]), in which case the defendant's claim under *Crawford* and *Bruton* would have been waived (*cf. People v Serrano*, 256 AD2d 175, 175 [1998]).

The defendant also failed to preserve for appellate review his claim that the prosecutor improperly elicited testimony from a detective stating that he arrested the defendant immediately after the defendant participated in a lineup, which testimony followed that of a complainant who testified that he identified the defendant in the lineup. We decline to reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15).

Under the circumstances of this case, the sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contention is without merit. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.