■ The People of the State of New York, Respondent, v Lawrence Scott, Appellant. [924 NYS2d 836]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered October 2, 2008, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Griffin, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Based upon the papers in support of and in opposition to that branch of the defendant's omnibus motion which was to suppress identification evidence, the Supreme Court properly determined that the defendant was not entitled to a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) on the ground that no identification procedure had been conducted by law enforcement authorities (*see People v Rios*, 156 AD2d 397 [1989]; *cf. People v Dixon*, 85 NY2d 218 [1995]). To the extent that the defendant relies upon evidence subsequently adduced at a *Mapp/Dunaway* hearing (*see Mapp v Ohio*, 367 US 643 [1961]; *Dunaway v New York*, 442 US 200 [1979]) and at trial, his contention is unpreserved for appellate review since he did not seek to reopen his request for a *Wade* hearing based upon that evidence (*see People v Clanton*, 69 AD3d 754, 754 [2010]).

The defendant correctly contends that the prosecutor improperly cross-examined him about his silence when he was apprehended by the police (*see People v Wright*, 40 AD3d 1021 [2007]; *People v Thompson*, 34 AD3d 852 [2006]). The error, however, was harmless beyond a reasonable doubt in that the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the error might have contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Rush*, 44 AD3d 799, 800 [2007]).

The defendant's claim that the statutory procedure underlying his adjudication and sentencing as a persistent violent felony offender was unconstitutional is without merit (*see Apprendi v New Jersey*, 530 US 466 [2000]; *People v Leon*, 10 NY3d 122, 126 [2008], *cert denied* 554 US 926 [2008]; *People v Terry*, 78 AD3d 1207 [2010]; *People v Alvarez*, 76 AD3d 1098, 1099 [2010],

*lv granted* 16 NY3d 827 [2011]). Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.