■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE JENKINS, Appellant. [940 NYS2d 874]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered October 3, 2005, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), it was legally sufficient to establish his identity as the perpetrator (*see People v Chase*, 60 AD3d 1077, 1078 [2009]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Mills*, 20 AD3d 779, 780 [2005]; *cf. People v Chase,* 60 AD3d at 1078-1079).

The defendant's contentions that the admission into evidence of a certain statement a nontestifying codefendant made to the police violated his Sixth Amendment right to confrontation under *Bruton v United States* (391 US 123 [1968]), and under *Crawford v Washington* (541 US 36 [2004]), are unpreserved for appellate review (*see* CPL 470.15; *People v Reid*, 71 AD3d 699, 699-700 [2010]) and, in any event, without merit (*see Crawford v Washington*, 541 US at 59 n 9; *People v Reynoso*, 2 NY3d 820, 821 [2004]; *People v Mack*, 89 AD3d 864, 865-866 [2011]; *People v Reyes*, 49 AD3d 565, 566 [2008]; *People v Dickson*, 21 AD3d 646, 647 [2005]; *People v Melendez*, 285 AD2d 819, 821-822 [2001]; *People v Johnson*, 224 AD2d 635, 638 [1996]; *People v Davis*, 168 AD2d 565, 565 [1990]).

The defendant's contention that certain allegedly improper comments made by the prosecutor during his summation deprived the defendant of his right to a fair trial is largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Osorio*, 49 AD3d 562, 563-564 [2008]). In any event, for the

most part, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the summation of defense counsel or the codefendant's counsel (*see People v Dorgan*, 42 AD3d 505 [2007]; *People v McHarris*, 297 AD2d 824, 825 [2002]; *People v Clark*, 222 AD2d 446, 447 [1995]; *People v Vaughn*, 209 AD2d 459, 460 [1994]; *People v Holder*, 203 AD2d 382, 383 [1994]; *People v Anderson*, 154 AD2d 607, 607 [1989]; *People v Geddes*, 134 AD2d 279, 280 [1987]; *cf. People v Smith*, 288 AD2d 496, 497 [2001]). To the extent that some of the comments were improper, they were sufficiently addressed by the trial court's instructions to the jury (*see People v Evans*, 291 AD2d 569 [2002]; *People v Brown*, 272 AD2d 338, 339 [2000]) and, in any event, "were not so flagrant or pervasive as to deny the defendant a fair trial" (*People v Almonte*, 23 AD3d 392, 394 [2005]; *see People v Svanberg*, 293 AD2d 555 [2002]).

The defendant's contention that he did not receive the effective assistance of counsel is without merit (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *see also People v Caban*, 5 NY3d 143, 156 [2005]). Dillon, J.P., Florio, Austin and Roman, JJ., concur.