Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 16, 2009, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.
*702 The complainant testified at trial that on the night of May 5, 2007, he watched a televised boxing match at home with a group of his friends, during which he consumed “[a]bout ten” alcoholic drinks and also smoked marijuana. After the boxing match ended, the complainant and his friends walked to a club about 10 minutes away. By the complainant’s own admission, he was intoxicated from both alcohol and marijuana. Soon after the complainant and his friends entered the club, they became involved in a brawl with another group of men. The brawl continued on the sidewalk. As the complainant was getting ready to continue fighting, a man standing between four and five feet away pointed a chrome semi-automatic pistol at him and pulled the trigger. When the gun did not fire, the man looked down at it, and the complainant fled. The complainant did “[n]ot fully” have a good opportunity to see the man’s face, and was, in any event, mostly looking at the gun rather than the man holding it. Although the complainant noticed that the man had his hair in corn rows, he did not remember later if the man had facial hair. He also did not notice any scars on the man’s face. On July 14, 2007, more than two months after the incident, the complainant identified the defendant in a lineup as the man who had pointed the gun at him. At trial, the complainant again identified the defendant as the man who had pointed the gun at him, and testified that he had never seen the defendant before the incident. The jury convicted the defendant of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]).
On appeal, the defendant argues that the evidence was not legally sufficient to prove his guilt beyond a reasonable doubt, and also that the verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we sit, in effect, as the “thirteenth juror” (People v Danielson, 9 NY3d at 348; see People v Chase, 60 AD3d 1077, 1078 [2009]). In conducting our weight-of-the-evidence analysis, we must first determine, based upon the credible evidence, whether a different result would not have been unreasonable (People v Chase, 60 AD3d at 1078; see People v Sergio, 99 AD3d 734, 736 [2012]). If so, we must then “ ‘weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony’ ” (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]; see People v Danielson, 9 NY3d at 348). In evaluating the evidence, however, we accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, *703 and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d at 495). Ultimately, we must decide “whether the jury was justified in finding the defendant guilty beyond a reasonable doubt” (People v Danielson, 9 NY3d at 348).
Upon conducting this review here, we conclude, first, that in this one-witness identification case, an acquittal would not have been unreasonable and, second, that the verdict of guilt was indeed against the weight of the evidence. This conclusion is based not on any doubt that the complainant was testifying truthfully (see People v Jackson, 205 AD2d 639 [1994]), but on a combination of factors negatively affecting the reliability of his identification of the defendant as the perpetrator. First, by the complainant’s own admission, he was intoxicated from both alcohol and marijuana at the time of the incident. Additionally, the complainant’s attention was focused on the gun, rather than on the gunman, during this brief incident, so the complainant did “not fully” have a good opportunity to view the gunman. Indeed, at trial, the complaint did not remember whether the gunman had facial hair, and he also admitted that he did not notice any scars on the gunman’s face. A detective testified at trial, however, that the defendant had a “prominent” scar on his face. Finally, the lineup identification did not take place until more than two months after the incident. These factors, in combination, convince us that the verdict of guilt was against the weight of the evidence (see People v Russell, 99 AD3d 211, 215 [2012]; People v Giocastro, 210 AD2d 254, 255 [1994]; cf. People v Howard, 153 AD2d 903, 904-905 [1989]).
In light of our determination, we need not address the defendant’s contention regarding the legal sufficiency of the evidence. Dillon, J.P., Balkin, Chambers and Hall, JJ., concur.