■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAZARO GILOCOMPO, Appellant. [4 NYS3d 288]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered June 20, 2012, convicting him of robbery in the second degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review, since he failed to move for a trial order of dismissal specifically directed at the errors he now claims (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his identity as one of the perpetrators (*see People v Jenkins*, 93 AD3d 861, 861 [2012]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that his Sixth Amendment right to confrontation under *Bruton v United States* (391 US 123 [1968]) and *Crawford v Washington* (541 US 36 [2004]) was violated by the admission into evidence of statements made by a nontestifying codefendant to a detective following the codefendant's arrest, as well as by certain remarks made by the prosecutor during summation that were related to those statements (*see* CPL 470.05 [2]; *People v Jenkins*, 93 AD3d at 861; *People v Reid*, 71 AD3d 699, 699-700 [2010]). In any event, those contentions are without merit. With respect to the challenged statements, each one, taken individually, did not directly implicate the defendant (*see People v Melendez*, 285 AD2d 819, 821-822 [2001]). Furthermore, for the same reason, the defendant's contentions about the remarks made by the prosecutor in summation, which, in effect, reiterated the statements at issue, are also without merit. Moreover, the remarks constituted fair comment on the evidence and testimony (*see People v Herb*, 110 AD3d 829 [2013]).

The defendant's remaining contentions are without merit Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.