■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIN ZHENG, Appellant. [6 NYS3d 288]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Guidice, J.), rendered September 18, 2012, convicting him of assault in the first degree, gang assault in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the showup identification procedure was conducted in close geographic and temporal proximity to the crime, and it was not unduly suggestive (*see People v Howard*, 22 NY3d 388, 402 [2013]; *People v Gonzalez*, 57 AD3d 560, 561 [2008]). The defendant's contention that the trial testimony of a female witness established that the showup identification was impermissibly suggestive is unpreserved for appellate review, since the defendant never moved to reopen the suppression hearing (*see People v Scott*, 85 AD3d 827 [2011]). In any event, the defendant's contention is without merit.

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt of assault in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt of that crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court erred when it admitted into evidence the statements made by two of his codefendants while they were being searched by the police is unpreserved for appellate review (*see People v Jenkins*, 93

AD3d 861 [2012]). In any event, while the statements should not have been admitted under the coconspirator exception to the hearsay rule (*see People v Caban*, 5 NY3d 143, 148 [2005]), the error was harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]), and there is no evidence in the record to support the defendant's contention that the Supreme Court exhibited bias that affected the sentence imposed.

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.