■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YI QIU, Appellant. [13 NYS3d 152]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered September 18, 2012, convicting him of assault in the first degree, gang assault in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the showup identification procedure was conducted in close geographic and temporal proximity to the crime, and it was not unduly suggestive (*see People v Jin Zheng*, 127 AD3d 890 [2015]; *see also People v Howard*, 22 NY3d 388, 402 [2013]; *People v Gonzalez*, 57 AD3d 560, 561 [2008]). The defendant's contention that the trial testimony of a female witness established that the showup identification was impermissibly suggestive is unpreserved for appellate review, since the defendant never moved to reopen the suppression hearing (*see People v Jin Zheng*, 127 AD3d at 890; *People v Scott*, 85 AD3d 827 [2011]). In any event, the defendant's contention is without merit.

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of as-

sault in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court erred when it admitted into evidence the statements made by two of his codefendants while they were being searched by the police is unpreserved for appellate review (see People v Jin Zheng, 127 AD3d at 890; People v Jenkins, 93 AD3d 861 [2012]). In any event, while the statements should not have been admitted under the coconspirator exception to the hearsay rule (see People v Caban, 5 NY3d 143, 148 [2005]), the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that, but for the admission of the statements, the defendant would have been acquitted (see People v Crimmins, 36 NY2d 230, 237 [1975]).

The defendant's contention that the trial court displayed bias in its treatment of the defense is unpreserved for appellate review (see CPL 470.05 [2]; People v Prado, 4 NY3d 725, 726 [2004]; People v Bedell, 84 AD3d 1733 [2011]; People v White, 81 AD3d 1039, 1039 [2011]). In any event, there is nothing in the record to support the defendant's claim of bias (see People v Rodriguez, 111 AD3d 856, 859 [2013]; People v Argentieri, 66 AD3d 558, 559 [2009]; People v Casey, 61 AD3d 1011, 1014 [2009]; People v Love, 307 AD2d 528, 532 [2003]; People v Maxam, 301 AD2d 791, 793 [2003]).

Viewing the record as a whole, the defendant was afforded meaningful representation and, thus, was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]; People v Fields, 127 AD3d 782 [2015]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.