■ The People of the State of New York, Respondent, v Victoria Caldwell, Appellant. [55 NYS3d 311]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Collins, J.), rendered October 28, 2015, convicting her of falsifying business records in the first degree

(four counts) and wilful violation of the Public Health Law, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of falsifying business records in the first degree (four counts) and wilful violation of the Public Health Law beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that a severance of the trial from all of the codefendants was warranted on her behalf is without merit. Severance motions are addressed to the sound discretion of the trial court (*see People v Mahboubian*, 74 NY2d 174, 183 [1989]). "Severance is compelled only where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger that the conflict alone would lead the jury to infer a defendant's guilt" (*People v Martins*, 306 AD2d 423, 423 [2003]). Here, initially, the Supreme Court granted the defendant's motion for a severance with respect to several of the codefendants. As to the remaining codefendants, the core of each their defenses was not in irreconcilable conflict with that of the defendant (*see People v Turnbull*, 52 AD3d 747 [2008]; *cf. People v Mahboubian*, 74 NY2d at 184). As the proof against the defendant was supplied by the same evidence, only the most cogent reasons would warrant a severance (*see People v Bornholdt*, 33 NY2d 75, 87 [1973]). The defendant failed to provide any such cogent reason to warrant full severance.

The defendant's contention that her Sixth Amendment right to confrontation under *Bruton v United States* (391 US 123 [1968]) was violated by the admission into evidence of statements made by a nontestifying codefendant to a prosecution witness is partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jenkins*, 93 AD3d 861 [2012]; *People v Rodriguez*, 210 AD2d 266 [1994]; *People v Halstead*, 180 AD2d 818 [1992]). In any event, the contention is without merit. *Bruton* does not apply, and no violation of the Confrontation Clause exists, when the challenged statements are not incriminating

on their face, but only become so when linked with other evidence introduced at trial (*see People v Johnson*, 27 NY3d 60 [2016]). Here, the challenged statements did not directly implicate the defendant (*see People v Gilocompo*, 125 AD3d 1000 [2015]), and, hence, were not "facially incriminating" statements (*Richardson v Marsh*, 481 US 200, 207 [1987]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.