People v Serrano (2018 NY Slip Op 00573)





People v Serrano


2018 NY Slip Op 00573


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2013-10564
 (Ind. No. 8459/12)

[*1]The People of the State of New York, respondent,
v
Carlos Serrano, appellant.


Paul Skip Laisure, New York, NY (Erin Tomlinson and Rebecca J. Gannon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered October 30, 2013, convicting him of attempted assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.
The defendant was convicted of attempted assault in the first degree in connection with a stabbing incident that occurred outside of a Brooklyn nightclub in September 2014.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt (see People v Chase, 60 AD3d 1077, 1077-1078).
However, upon the exercise of our independent factual review power (see CPL 470.15 [5]), we find that the verdict of guilt was against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348; see People v Bleakley, 69 NY2d 490). "Essentially, the court sits as a thirteenth juror and decides which facts were proven at trial" (People v Danielson, 9 NY3d at 348-349).
Here, an acquittal would not have been unreasonable. The only witness who identified the defendant prior to trial admitted to being intoxicated at the time of the stabbing incident. That witness failed to identify the defendant at trial. Although the People presented the testimony of three other witnesses who identified the defendant at the trial, those witnesses did not identify the defendant at any point prior to the trial, even though they were present at the scene of [*2]the crime when the defendant was apprehended and they appeared at a police precinct for questioning later that day. Two of the witnesses' descriptions of the perpetrator's clothing varied significantly from the clothing worn by the defendant upon his apprehension, which occurred within minutes of the incident. At the scene, those witnesses provided no further description of the defendant. Despite testimony that the victim began "gush[ing]" blood after he was stabbed during a physical struggle, the arresting officer did not remember having seen any blood on the defendant's person or clothing when he was apprehended. That police officer testified that, after witnesses pointed to the perpetrator, he briefly "lost sight" of that person before apprehending the defendant.
Based on this and other evidence, we find that the verdict of guilt was against the weight of the evidence (see People v Bailey, 102 AD3d 701, 703; People v Chase, 60 AD3d at 1078-1079).
In light of our determination, we need not address the defendant's remaining contentions.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court