People v Villanueva (2019 NY Slip Op 00149)





People v Villanueva


2019 NY Slip Op 00149


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2010-11417
 (Ind. No. 1855/08)

[*1]The People of the State of New York, respondent,
v
Jason Villanueva, appellant.


Kevin Costello, Flushing, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered November 19, 2010, convicting him of gang assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination denying those branches of the defendant's omnibus motion which were to suppress identification testimony. The pretrial showup identifications of the defendant were reasonable under the circumstances, and were not unduly suggestive (see People v Santana, 159 AD3d 926, 927; People v Huerta, 141 AD3d 602, 603; People v Cedeno, 113 AD3d 695, revd on other grounds 27 NY3d 110; People v Peterson, 110 AD3d 1103, 1103; People v Julien, 100 AD3d 925, 926; People v Hicks, 78 AD3d 1075; People v Davis, 39 AD3d 873, 874; People v Fox, 11 AD3d 709; People v Grassia, 195 AD2d 607).
The defendant's contentions that his Sixth Amendment right to confrontation under Bruton v United States (391 US 123) was violated by the admission into evidence of a statement made by a nontestifying codefendant to a detective following the codefendant's arrest, and the Supreme Court's failure to give the jury a proper limiting instruction with respect to the statement, are unpreserved for appellate review (see CPL 470.05[2]; People v Edwards, 160 AD3d 658, 659; People v Gilocompo, 125 AD3d 1000, 1001; People v Jenkins, 93 AD3d 861, 861). In any event, the contentions are without merit. "Bruton does not apply, and no violation of the Confrontation Clause exists" when the challenged statement is not incriminating on its face, "but only become[s] so when linked with other evidence introduced at trial" (People v Caldwell, 150 AD3d 1021, 1022-1023; see People v Johnson, 27 NY3d 60). The challenged statement did not directly implicate the defendant (see People v Caldwell, 150 AD3d at 1023; People v Gilocompo, 125 AD3d 1000), and, therefore, was not "facially incriminating" (Richardson v Marsh, 481 US 200, 207; see People v Caldwell, 150 AD3d at 1023).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court