People v James (2020 NY Slip Op 00615)





People v James


2020 NY Slip Op 00615


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-08664
 (Ind. No. 11-00382)

[*1]The People of the State of New York, respondent,
v
Kenyatta James, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered May 15, 2017, convicting him of robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the County Court, Orange County, for further proceedings consistent with CPL 160.50.
On the evening of July 30, 2010, the then 22-year-old complainant allegedly was robbed at knifepoint by someone identified by her as "Manny," whom she had met approximately an hour earlier. The complainant described Manny as a light-skinned black male wearing a brown and white striped shirt and jeans, approximately 20 years old, and around six feet tall. The defendant, who was a 33-year-old black male, five feet eight inches tall, wearing shorts and carrying a red and blue striped shirt, was arrested several minutes after the incident following a showup identification procedure. At that showup procedure, the complainant initially failed to identify the defendant. Thereafter, the police, standing on either side of the defendant, draped the shirt over the defendant's chest. Only at that point did the complainant identify the defendant as the person who had robbed her.
In 2011, the matter proceeded to a jury trial, after which the defendant was found guilty of robbery in the first degree and criminal possession of a weapon in the third degree. The defendant appealed from that judgment of conviction. Upon that appeal, this Court reversed that judgment and granted that branch of the defendant's omnibus motion which was to suppress identification testimony (see People v James, 128 AD3d 723). Specifically, this Court found that the police-arranged showup identification procedure which precipitated the defendant's arrest was unduly suggestive and, thus, the County Court should have suppressed the identification testimony. Moreover, since the evidence of the defendant's guilt was not overwhelming, the judgment was reversed and a new trial ordered.
In 2016, following a hearing and a determination by the County Court that the complainant had an independent source for her in-court identification, the matter proceeded to a second jury trial, whereupon the defendant was again convicted of robbery in the first degree and [*2]criminal possession of a weapon in the third degree.
Upon the exercise of our independent factual review power (see CPL 470.15[5]), we conclude that the verdict of guilt was against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the [factfinder] was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348). The court "act[s], in effect, as a second jury by rendering its own determination of the facts as proved at trial" (People v Kancharla, 23 NY3d 294, 302-303 [citation omitted]; see People v Delamota, 18 NY3d 107, 116-117; People v Romero, 7 NY3d 633, 644 n 2).
At the second trial, in this one-witness identification case, the complainant consistently had difficulty remembering details of the crime. She could not remember how she described the defendant, and when asked how she recognized him, she stated, "[b]y his shirt." The description she provided of the perpetrator shortly after the incident did not match, in several ways, the defendant's actual physical characteristics and appearance. Moreover, at the time of his arrest, several minutes after the incident, the defendant possessed neither the money nor the personal items which had allegedly been taken from the complainant.
Under the circumstances of this case, we find that the evidence, when properly weighed, did not establish the defendant's guilt beyond a reasonable doubt.
In light of our determination, we do not address the defendant's remaining contentions.
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court