People v Mann (2020 NY Slip Op 03249)





People v Mann


2020 NY Slip Op 03249


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-11203
 (Ind. No. 2422/16)

[*1]The People of the State of New York, respondent,
v
Matthew Mann, appellant.


Paul Skip Laisure, New York, NY (White & Case LLP [Jacqueline Chung], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lenora Gerald, J.), rendered October 11, 2017, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
In the early morning hours of July 15, 2016, the complainant was robbed inside an automatic teller machine vestibule of a bank. Immediately after the robbery, the complainant reported the incident and filed a police report. On July 20, 2016, the complainant viewed a lineup, and identified the defendant as the perpetrator.
At a pretrial Wade hearing (see United States v Wade, 388 US 218), the defendant argued that the identification testimony should be suppressed as the identification procedures were unduly suggestive. The hearing court denied suppression of the identification testimony. At trial, the sole evidence against the defendant was the identification testimony of the complainant. The jury convicted the defendant of robbery in the first degree.
The defendant's contention that the evidence was legally insufficient to support a conviction of robbery in the first degree is unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt.
However, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), and after according great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495), we find that the verdict of guilt was against the weight of the credible evidence.
The evidence presented at trial established that the complainant described the perpetrator to the police as balding with no facial hair. The participants in the lineup five days later wore hats to conceal their hairlines. However, the defendant's significant facial hair was visible. Further, the defendant was the only participant in the lineup who was wearing a yellow shirt. Although the shirts of the participants in the lineup were covered with a cloth, the defendant's shoulders remained visible. The perpetrator had also worn a yellow shirt. After viewing the lineup, the complainant told the investigating officer that she recognized the defendant's yellow shirt as the shirt worn by the perpetrator, indicating that the most significant similarity between the perpetrator and the defendant visible to her was his yellow shirt.
Since the complainant's identification of the defendant as the perpetrator was not corroborated by any other evidence, we conclude, based upon our review of the facts, that there is a reasonable doubt as to whether the defendant committed this crime.
The defendant's remaining contentions need not be addressed in light of our determination.
BALKIN, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court