People v Perry (2020 NY Slip Op 05532)





People v Perry


2020 NY Slip Op 05532


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-09194
 (Ind. No. 2266/14)

[*1]The People of the State of New York, respondent,
v
Kevin Perry, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered July 26, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his Sixth Amendment right to confrontation under Bruton v United States (391 US 123) was violated by the admission into evidence of statements made by a nontestifying codefendant is unpreserved for appellate review (see CPL 470.05[2]; People v Caldwell, 150 AD3d 1021, 1022; People v Jenkins, 93 AD3d 861). In any event, the contention is without merit. Bruton does not apply, and no violation of the Confrontation Clause exists, when the challenged statements are not incriminating on their face, but only become so when linked with other evidence introduced at trial (see People v Johnson, 27 NY3d 60; People v Caldwell, 150 AD3d at 1022). Here, the challenged statements did not directly implicate the defendant (see People v Gilocompo, 125 AD3d 1000) and, hence, were not "facially incriminating" statements (Richardson v Marsh, 481 US 200, 207).
The defendant's contention that the prosecutor improperly vouched for the credibility of two witnesses during summation is unpreserved for appellate review, since the defendant did not object to the comments or request further curative instructions, or move for a mistrial after the Supreme Court sustained an objection and issued a curative instruction (see CPL 470.05[2]; People v Pocesta, 71 AD3d 920, 920; People v Mitchell, 68 AD3d 784). In any event, the challenged remarks were either fair comment on the evidence adduced at trial or responsive to defense counsel's summation (see People v Ashwal, 39 NY2d 105, 109-110; People v McCoy, 89 AD3d 1110, 1110; People v Carey, 67 AD3d 925, 925).
The defendant's contention that the Supreme Court's procedure for handling a jury note that requested certain trial exhibits violated the procedure set forth by the Court of Appeals in People v O'Rama (78 NY2d 270, 277-278) is unpreserved for appellate review (see People v Ramirez, 15 NY3d 824). In any event, the contention is without merit (see People v Jones, 173 [*2]AD3d 1062, 1067).
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court