People v Hawkins (2021 NY Slip Op 04238)





People v Hawkins


2021 NY Slip Op 04238


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-07055
 (Ind. No. 16-00477)

[*1]The People of the State of New York, respondent,
v
Davonte Hawkins, appellant.


Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered June 13, 2017, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the County Court, Orange County, for further proceedings consistent with CPL 160.50.
According to evidence adduced at a nonjury trial, on August 2, 2016, at approximately 12:30 p.m., two women stopped for a smoke break at the side of a building on the corner of Third Street and Grand Street in Newburgh. A young black man came running by from the direction of Third Street heading toward Grand Street, startling them. The young man apologized and continued on his way. Both women saw the man holding what appeared to be a white shopping bag with red circles on it, which he threw over a chain-link fence nearby. The man continued running through the parking lot toward Grand Street.
One of the women described the man she saw as a black man with short, dark hair, wearing a dark baseball cap, a T-shirt, jeans, and sneakers. The man was "a little taller, somewhat taller" than five feet, two inches, but she was not sure. She estimated his weight to be 175 to 185 pounds, but she was not sure. She did not remember if he wore glasses. She could not describe the color of his clothing or give any description of the sneakers he wore. The other woman described the man as a young black male, approximately five feet, seven inches tall, but she could not say for sure, and "guesstimat[ed]" that he may have weighed 170 pounds. She testified that he wore a baseball cap and might have been wearing dark pants and dark sneakers. Neither woman was able to identify the defendant as the man they saw.
Soon thereafter, the two women told two police officers, who were standing nearby on Third Street, what they had observed and showed the officers the area where the plastic bag had been thrown.
The two officers in question had previously been canvassing the same area in an unmarked vehicle in connection with an unrelated crime. One of the officers observed the defendant, whom he recognized based on prior encounters with him, walking toward the officers' vehicle in the company of another male. That officer described the defendant as wearing a black baseball hat, a black shirt, and black pants with a white stripe on the side of the pants. The other officer described the defendant as wearing a black hat, a T-shirt, and black pants. Neither officer observed a plastic bag in the defendant's hands. The officers lost sight of the defendant, but soon thereafter spoke with the two women, who described their earlier encounter and led them to the bag behind the fence. Inside the bag, the officers found heroin in glassine envelopes, bundled into 10 "bricks," which amounted to nearly 500 envelopes. No fingerprints were recovered from the bag, and four of the DNA samples obtained from the bag and its contents were found insufficient for comparison purposes. A fifth sample, collected from the inside of a glassine envelope, did not match the defendant's DNA profile.
At the conclusion of the trial, the defendant was convicted of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.
In determining whether a conviction is against the weight of the credible evidence, this Court is required to first determine whether an acquittal would not have been unreasonable (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633, 643). If an acquittal would not have been unreasonable, then this Court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Danielson, 9 NY3d at 348). "If it appears that the fact-finder failed to give the evidence the weight it should have been accorded, then this Court may set aside the verdict" (People v Battle, 116 AD3d 782, 784; see People v Garcia, 194 AD3d 956).
Here, an acquittal would not have been unreasonable, since neither of the police witnesses observed the defendant carrying a bag, neither of the bystander witnesses was able to identify the defendant as the man carrying the bag, and no forensic evidence linked the defendant to the bag. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we find that the rational inferences that can be drawn from the trial evidence do not support the convictions beyond a reasonable doubt. Although the vague description provided by the bystander witnesses was not inconsistent with the defendant's general appearance, we find that such evidence, coupled with nothing more than the defendant's proximity to the crime scene, is insufficient to establish, beyond a reasonable doubt, the defendant's identity as the perpetrator (see People v Garcia, 194 AD3d 956; People v Mann, 184 AD3d 670; People v James, 179 AD3d 1095; People v Graham, 107 AD3d 1296; People v Jackson, 205 AD2d 639).
In light of our determination, we do not address the defendant's remaining contentions.
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court