■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILSON, Appellant. [939 NYS2d 463]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at hearing; Ronald J. Zweibel, J., at jury trial and sentencing), rendered April 17, 2009, as amended April 29, 2009, convicting defendant, of murder in the first degree, and sentencing him to a term of life without parole, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing any of the hearing court's credibility determinations, including its acceptance of the lead detective's testimony notwithstanding his delay in recording certain information, its rejection of a portion of another detective's testimony as based on faulty recollection, and its refusal to credit defendant's version of his interactions with the police.

The hearing court correctly determined that defendant did not make an unequivocal request for a lawyer during police questioning. Before defendant made his first statement to the police, which was exculpatory, he said that "maybe" he wanted a lawyer. This was ambiguous and equivocal both on its face and in the surrounding context, and it was not sufficient to invoke the right to counsel (see Davis v United States, 512 US 452, 459 [1994]; People v Glover, 87 NY2d 838, 839 [1995]; People v Hicks, 69 NY2d 969, 970 [1987]).

Before defendant made his second statement, which was inculpatory, he made another remark about getting a lawyer. However, this remark was clearly intended to be facetious, and in any event, it only expressed a possible intention to get a lawyer in the future, depending on a condition that had not yet occurred. Accordingly, it did not invoke defendant's right to counsel.

Furthermore, the record also supports the hearing court's finding that defendant was not in custody until after he made his inculpatory statement (see People v Yukl, 25 NY2d 585 [1969], cert denied 400 US 851 [1970]; see also Stansbury v California, 511 US 318 [1994]). A suspect who is not in custody

when he or she invokes the right to counsel can withdraw the request and be questioned by the police (*People v Davis*, 75 NY2d 517, 522 [1990]). The record establishes that defendant effectively withdrew any possible request for counsel that he may have made.

Finally, the hearing evidence also established that, regardless of the admissibility of defendant's statements, the recovery of physical evidence was generally attenuated from any violation of defendant's right to counsel. To the extent there was any error in the receipt of a knife, that error was harmless under the circumstances.

Turning to issues relating to the trial, we find no basis for reversal. We agree with defendant that his trial testimony did not open the door to an inquiry that had been precluded under the court's *Sandoval* ruling. However, any error in the court's modification of its *Sandoval* ruling was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). There was overwhelming evidence of defendant's guilt, and there is no reasonable possibility that the jury would have accepted his incredible testimony, in which he attempted to explain his possession of the victim's property (*see People v Hall*, 18 NY3d 122, 132 [2011] [considering defendant's "ridiculous explanation" in harmless error analysis]). Furthermore, the offending evidence was cumulative to other impeachment material.

The court properly instructed the jury on defendant's status as an interested witness. Defendant only argued that the court's charge should not have identified him as an interested witness as a matter of law. He did not preserve any other objection to the phrasing of the instruction, and we decline to review such claim in the interest of justice. As an alternative holding, we also reject it on the merits. The charge did not undermine the presumption of innocence, suggest that defendant had a motive to lie, or intimate that defendant should not be believed. Instead, it simply referred to defendant as an interested witness and permitted the jury to consider whether any witness's interest or lack of interest in the outcome of the case affected the witness's truthfulness (*see People v Blake*, 39 AD3d 402, 403 [2007], *lv denied* 9 NY3d 873 [2007]). Defendant's present challenges to the phrasing of the instruction go to form rather than substance, and we do not find any constitutional deficiencies (*see Reagan v United States*, 157 US 301, 305-311 [1895]; *Hicks v United States*, 150 US 442, 451-452 [1893]).

After considering the factors set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]), we conclude that defendant was not deprived of his constitutional right to a speedy trial.

The court properly denied defendant's CPL 330.30 (2) motion to set aside the verdict on the ground of juror misconduct (*see People v Rodriguez*, 100 NY2d 30, 35 [2003]). The court conducted a thorough hearing, and we find no basis for disturbing its credibility determinations. The juror made Facebook postings that merely advised her friends that she was on a jury, but did not discuss the case in any way. Unfortunately, some of her friends made foolish replies relating to trials in general that defendant characterizes as "inflammatory." However, the juror testified unequivocally that she was not affected by these comments, that she did not discuss the case with anyone during the trial, and that she had decided the case impartially, based only on the evidence.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Acosta, DeGrasse and Román, JJ.