People v Williams (2019 NY Slip Op 04277)





People v Williams


2019 NY Slip Op 04277


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9478 3408/12

[*1]The People of the State of New York, Respondent,
v
Lance Williams, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (David Crow of counsel), and Davis Polk & Wardwell LLP, New York (John M. Briggs of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (David A. Slott of counsel), for respondent.



Judgment, Supreme Court, Bronx County (William I. Mogulescu, J. at jury trial and sentencing; Efrain Alvarado, J. at hearing on motion to set aside the verdict), rendered April 15, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of 7 years, unanimously affirmed.
The court properly denied defendant's request for a charge on the defense of temporary lawful possession. There was no reasonable view of the evidence, viewed most favorably to defendant, to support such an instruction. Regardless of whether defendant came into possession of a pistol in an excusable manner, he "used [it] in a dangerous manner" (People v Williams, 50 NY2d 1043, 1045 [1980]) when he fired five shots in the lobby of a building, admittedly shooting two victims (including a bystander not claimed to be posing any threat) while defendant "just blanked out" (see People v Aracil, 45 AD3d 401 [1st Dept 2007], lv denied 9 NY3d 1030 [2008]). The fact that the jury acquitted defendant of other charges (which, we note, involved intentional rather than reckless conduct) does not warrant a different conclusion; we find it "imprudent to speculate concerning the factual determinations that underlay the verdict" (People v Horne, 97 NY2d 404, 413 [2002]; see also People v Hemmings, 2 NY3d 1, 5 n [2004]).
The hearing court, to whom the trial court had referred defendant's CPL 330.30(2) motion to set aside the verdict on the ground of improper conduct toward a juror, correctly denied the motion. There is no basis for disturbing the court's finding that a juror's testimony about being threatened was incredible (see e.g. People v Wilson, 93 AD3d 483, 485 [1st Dept 2012], lv denied 19 NY3d 978 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK