People v Cabrera (2020 NY Slip Op 06966)





People v Cabrera


2020 NY Slip Op 06966


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Ind No. 3707/13 Appeal No. 12463 Case No. 2017-2503 

[*1]The People of the State of New York, Respondent,
v
Tomas Cabrera, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (David Bernstein of counsel) and Wachtell, Lipton, Rosen & Katz, New York (Charles P. Griffin of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York (Daniel P. FitzGerald, J.), rendered March 16, 2016, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's arguments regarding the operability of a jammed pistol are similar to arguments this Court rejected on a [*2]separately tried codefendant's appeal (People v Yarborough, 158 AD3d 430, 431 [1st Dept 2018], lv denied 31 NY3d 988 [2018]), and we find no reason to reach a different result. Defendant's dismissal motion, and the court's ruling thereon, did not preserve defendant's related, but distinct challenge to the court's jury charge on the operability of a temporarily malfunctioning firearm, and we decline to review it in the interest of justice. As an alternative holding, we find that the instruction correctly stated the law (see People v Cavines, 70 NY2d 882 [1987]).
The court responded meaningfully to a note from the deliberating jury by providing the specific information that the jury requested (see People v Steinberg, 79 NY2d 673, 684-685 [1992]). An element of one of the two weapon possession charges was intent to use the weapon unlawfully. When the jury asked for examples of unlawful use, the court carefully avoided giving an example that matched the People's case, and instead gave a single example, involving a hypothetical robbery having nothing to do with the evidence adduced at trial. Then, in response to a separate question, the court appropriately gave a brief explanation of the crime of menacing, because the jury had heard that crime mentioned in testimony and specifically asked the court to define it. We have considered and rejected defendant's remaining arguments relating to the court's response to the note.
Defendant did not preserve his claim that the prosecution failed to lay an adequate foundation for admission of a photograph depicting him and his codefendant together, and his argument on the subject of preservation is without merit. We decline to review this claim in the interest of justice. As an alternative holding, we find that an officer's testimony established that the photograph "accurately represent[ed] the subject matter depicted" (see People v Price, 29 NY3d 472, 477 [2017]).
The court providently exercised its discretion in precluding defendant from cross-examining a police witness about the allegations in a civil lawsuit against her. Defendant failed to identify "specific allegations that are relevant to the credibility of the law enforcement witness" (see People v Smith, 27 NY3d 652, 662 [2016]). Furthermore, defendant received a full opportunity to cross-examine this officer about specific allegations made against her in another lawsuit, and defendant did not establish any entitlement to reveal to the jury the existence of that action, as opposed to its alleged underlying facts (see id.).
We perceive no basis for reducing the sentence.
We have considered and rejected defendant's pro se claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020