People v Rivera (2025 NY Slip Op 00731)

People v Rivera

2025 NY Slip Op 00731

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Index No. 440/18 Appeal No. 3632 Case No. 2019-04651 

[*1]The People of the State of New York, Respondent,
v
Jose Rivera, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil Ross, J.), rendered July 15, 2019, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender with a prior violent felony offense, to a term of 6½ years, unanimously affirmed.
The court providently exercised its discretion in precluding defendant from cross-examining a police witness about the existence of two civil lawsuits naming him as a defendant, as neither had resulted in adverse findings against the officer (see People v Smith, 27 NY3d 652, 662 [2016]; People v Cabrera, 188 AD3d 612, 613 [1st Dept 2020], lv denied 36 NY3d 1055 [2021]). The court did not abuse its discretion by permitting defendant to ask the police witness about his alleged participation in an assault and false arrest against the plaintiff in one suit, while precluding inquiry of that same witness into statements allegedly made by a different officer accused in the complaint (see Smith, 27 NY2d at 662).
Defendant's Brady claim regarding an additional lawsuit against this same officer, which was discovered after defendant's conviction, is outside the record before us and unreviewable on his direct appeal (see People v Teran, 172 AD3d 447, 449 [1st Dept 2019], lv denied 33 NY3d 1109 [2019]). Moreover, the record does not reflect that the prosecutor had actual or constructive knowledge of this additional lawsuit before trial and the officer's personal pre-trial knowledge of the allegations could not be imputed to the prosecutor, who had no duty to inquire about the allegations or to search the dockets in every federal or state court in New York for complaints against their police witnesses (People v Garrett, 23 NY3d 878, 888-891 [2014]).
The court properly instructed the jury that defendant was an interested witness (see People v Agosto, 73 NY2d 963, 967 [1989]). Defendant failed to preserve the argument that the court was required to explain that the jury could also find the People's witnesses were also interested in the outcome of the trial (see People v Wilson, 93 AD3d 483, 484 [1st Dept 2012], lv denied 19 NY3d 978 [2012]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court's instructions "as a whole, adequately conveyed the appropriate standards" (People v Williams, 174 AD2d 494, 495 [1st Dept 1991], lv denied 78 NY2d 1015 [1991]).
Defendant did not preserve his claims that the prosecutor made improper remarks during summation, and we decline to review those claims in the interest of justice (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912 [2006]; People v Carlucci, 196 AD3d 418, 420 [1st Dept 2021], lv denied 37 NY3d 1026 [2021]). As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133, 143 [1st Dept 1997], lv denied 91 NY2d 976 [1998]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*2]DEPARTMENT.
ENTERED: February 6, 2025